# METROPOLITAN RAILROAD CO. *v.* LOUD.

EVIDENCE; TRIAL; ANSWERS RESPONSIVE TO QUESTIONS; READING DECLARATION TO JURY:

1. Where a witness's answer to a question propounded on cross-exami-nation is not entirely irresponsive and does not attempt to inject anything into the case not the subject of inquiry, and, at all events, contains nothing that can materially affect the issue, the overruling of a motion to strike out the answer, especially when made after the close of the cross-examination and during the redirect-examination, is not reversible error.

2. Where, in an action against a street railway company, to recover damages for personal injuries, the plaintiff's testimony is to the effect that her injury was caused by the carelessness of the con-ductor, while the circumstances in evidence tend to show that if any negligence of the defendant's employees produced the injury it was that of the motorman in starting the car, and defendant's counsel in addressing the jury states that while the plaintiff testi-fied that the injury was caused by the conductor's negligence,

there was no evidence to show that he gave any bells for the car to start, it is not error for the trial court to permit the plaintiff's counsel in his closing address to the jury to reply to such statements by reading the declaration for the purpose of showing that the action covered the negligent starting of the car by the defendant's agents and employees, where the jury is told that the purpose of reading the declaration is to show the extent of plaintiff's claim, but that its statements are not in evidence.

No. 1195. Submitted May 23, 1902. Decided June 23, 1902.

HEARING on an appeal by the defendant from a judgment of the Supreme Court of the District of Columbia upon the verdict of a jury in an action to recover damages for personal injuries. *Affirmed.*

The facts are sufficiently stated in the opinion.

*Mr. C. C. Cole, Mr. J. J. Darlington* and *Mr. R. B. Behrend* for the appellant.

*Mr. Geo. E. Hamilton* and *Mr. M. J. Colbert* for the appellee.

Mr. Justice SHEPARD delivered the opinion of the Court:

This is an appeal from a judgment recovered by the plaintiff in an action of damages for personal injuries sustained in attempting to alight from one of defendant's cars.

But two errors have been assigned. The first is founded on the refusal of the court to strike out certain evidence given by the plaintiff, who testified on her own behalf, under the cross-examination of the defendant.

Having testified to the manner in which her injuries had been received, and that she had been conveyed to a hospital for treatment, she was cross-examined by counsel for defendant.

Of this cross-examination, the bill of exceptions makes the following recital:

" Q. When did your sister come?

A. My sister-in-law was admitted the same night, later, but she was only allowed to stay a few minutes.

Q. Your sister-in-law?

A. My sister-in-law, the one that nursed me; she was in the hospital, I believe, the same night, and I think my sister could not come until the afternoon. She came in the morning, but she was not allowed to come upstairs. I was too ill.

Q. Your sister came the next morning?

A. Yes, sir. She told me she had been before, but she could not come to see me.

Q. I do not care to have any conversation between you and her; I only wanted to know when it was. It was on the following day?

A. Yes, sir."

The witness further testified that she had a conversation with Mr. Hoover, the defendant's claim agent, on the day after the accident, in the morning; that Mr. Hoover told her who he was; that she told Mr. Hoover how the accident happened; that she did not tell him that she was unable to state whether she got off the car before it stopped or not; that she told him that she was always most careful, and that the car had stopped; she told him that she believed the car had stopped or she would not have attempted to get off, and that the last question Mr. Hoover asked the witness was: "Miss Loud, do you think that you got off when the car was going?" and that she said: "I do not know anything more about it." That she did not say to him that she didn't know whether the car had stopped or not.

On redirect-examination, plaintiff's counsel began to inquire as to her sister's visit on the morning after the accident, when defendant objected on the ground that it was hearsay.

After some colloquy between counsel as to the range of the previous cross-examination, the defendant's counsel moved the court to strike out "the whole thing — what she said in response to my question, because it was not responsive to my question, and what she said in response to

his (plaintiff's counsel) question because it calls for hear-
say evidence."

The court sustained the objection to the redirect-exami-
nation, but overruled the motion to strike out the answer
given in cross-examination, on the ground that it was re-
sponsive to the question asked. It will be observed that the
objection, on the ground of hearsay, was not taken to
answers given to the questions asked on cross-examination.
We perceive no error — certainly no reversible error — in
the ruling of the court. The answer of the witness cannot
be said to be entirely irresponsive to the question asked, or
to constitute an attempt to inject something into the case
that was not the subject of inquiry. And as bearing on
this, it is significant that counsel passed it by at the time.
Moreover, in any view that may be taken, we are unable
to perceive what material effect the evidence could have
had upon the issues to be determined by the jury.

The second assignment of error is founded on the follow-
ing proceedings on the trial as set out in the bill of
exceptions:

In the course of the closing address to the jury on behalf
of the plaintiff, counsel commented upon the fact that the
defendant's counsel in his argument to the jury had stated
to the jury that the plaintiff said that the injury to her was
caused by the negligence of the conductor, and upon the
further statement of defendant's counsel that there was no
evidence in the case tending to prove that the conductor
gave any bells for the car to start. Counsel for the plain-
tiff denied this statement of counsel for the defendant, and
said:

"Now, gentlemen, I will read to you what Miss Loud
did say:

"'That unmindful of its duty in that regard, the defendant
and its agents and employees in charge of the car in which
the plaintiff was riding conducted themselves so carelessly
and negligently that when said car reached said N street, and
after it had come to a full stop, and while the plaintiff was
in the act of alighting therefrom, but before she had an

opportunity to reach the ground in safety, said car was by and through the negligence and carelessness of the agents and employees of the defendant in charge of said car suddenly started forward, and by reason of said negligence and carelessness the plaintiff was thrown violently to the ground.' "

The defendant objected to counsel's reading from the declaration. Counsel for plaintiff replied: "I am reading this to show the jury what the plaintiff claims. I am not reading it as her statement. I entirely disclaim it as proof; and I am reading it to show what the plaintiff claims as to the way the accident happened."

The Court: "I think he has the right to read the declaration if he wishes to. How else will the jury know what she is claiming in the case? The statement of the declaration is merely a claim that she makes. It is not proof in any way, and the jury is not to understand that it is proof."

* * *

Counsel for Defendant: "I want to reserve an exception to counsel commenting upon the claim of counsel for the defendant that the plaintiff had said that the injury was caused by the negligence of the conductor, and after having said that, and denying that she did so state, proceeding to read from the declaration to show what the plaintiff did say as to how the accident happened."

The Court: "I do not understand that that is what plaintiff's counsel says. He says in reply to your objection that he wanted to state to the jury what she claimed; that he did not claim it was proof; I so understand it, and that is what the court ruled upon."

[Counsel for Plaintiff: "I distinctly said that this is what the plaintiff claims as to the way the accident happened; that this was in the declaration, and was a statement made shortly after the accident happened."]

An exception was then duly reserved.

It appears that the plaintiff had testified, in the course of her account of the circumstances, that the accident was due to the carelessness of the conductor; whereas, the cir-

cumstances in evidence tended to show that if any negligence of defendant's employees produced the injury, it was that of the motorman in starting the car. The court evidently understood, what seems to us reasonably plain, that the defendant's attempt had been to make the defendant's liability turn upon the fact of the negligence of the conductor alone. Evidently, to meet this argument, counsel for the plaintiff was permitted to read from the declaration to show that the action covered the negligent starting of the car by the agents and employees of the defendant and not merely by any particular one of them.

The jury were plainly told that the sole purpose was to show what plaintiff claimed; that is to say, what she sued for, and that the statement was not in evidence.

It is impossible that they could have been misled by what occurred.

The declaration was the initial pleading in the case, and to its allegations the plaintiff's evidence was required, in general, to conform.

It is the practice in many jurisdictions to read the declaration to the jury in opening the case, and it seems that it might be done in this, though the usual and better practice is to make a brief statement of the cause of the action. It seems, also, that it is not an uncommon thing for the trial judge to read from the declaration in stating the issue submitted to the jury. Moreover, we are advised that it is the constant practice to give the declaration to the jury upon their retirement to consider the evidence and charge of the court.

In our opinion the exception was not well taken and there was no error in overruling it. The judgment will be affirmed, with costs. It is so ordered.          *Affirmed.*